UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KEITH DOHERTY,

               Plaintiff,

     -against-

SUFFOLK COUNTY, TOWN OF BABYLON,

              Defendants.
------------------------------------------------------------X

MEMORANDUM & ORDER
13-CV-6782 (JFB)

FILED
IN CLERK'S OFFICE
DISTRICT COURT E D N Y

★ DEC 30 2013 ★

LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

On November 25, 2013, then-incarcerated *pro se* plaintiff Keith Doherty ("plaintiff") filed an *in forma pauperis* complaint together with an order to show cause seeking an order restraining the defendants, Suffolk County and the Town of Babylon (together, the "defendants") from seizing property located at 1036 N. Clinton Avenue, Lindenhurst, New York (the "premises"), for failure to pay taxes. Upon review of the declarations accompanying plaintiff's application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is granted.

However, for the reasons that follow, the *Rooker-Feldman* doctrine bars this Court from adjudicating plaintiff's due process claim. Because the Court lacks jurisdiction, the Court will not sign plaintiff's proposed order to show cause. The Clerk of Court shall enter judgment accordingly and close this case.

I. BACKGROUND

All allegations in plaintiff's complaint are assumed to be true for the purposes of this Order. *See, e.g., Malcolm v. Honeoye Falls Lima Cent. Sch. Dist.*, 517 F. App'x 11 (2d Cir. 2013) (in reviewing a *pro se* case for *sua sponte* dismissal, a court should assume that all

allegations contained in the complaint are true) (internal citations omitted). Plaintiff's brief, handwritten complaint submitted on the Court's general complaint form alleges that, in March 2013, "the County [] seized my mother's property without notice [and] the County has evicted my personal property." (Compl. ¶ III.C.) For relief, plaintiff seeks entry of a restraining order granting plaintiff time to raise the amount of money needed to satisfy the tax lien on the premises. Plaintiff also seeks to recover a monetary award of $100,000.00 for unspecified damages. (*Id.* ¶ V.)

Along with his complaint, plaintiff filed an order to show cause that sheds more light on the allegations in his complaint. In the supporting affidavit accompanying the proposed order to show cause, plaintiff asserts that the premises, his deceased mother's home, is in tax arrears and, as a result, the County seeks to seize it. (Doherty Aff. at 1.) Plaintiff claims that he had "no knowledge how far behind the taxes were," and that he "will do whatever the Court orders for payment within reason." (*Id.* ¶ 4.) On December 26, 2013, plaintiff supplemented his submission. Plaintiff filed a "Notice of Verified Petition" ("Petition") dated October 10, 2013 and bearing Index No. BALT/1265/13 from the District Court of the County of Suffolk, Second District. (Doc. No. 13.) The Petition was brought by the County of Suffolk against the Estate of Theresa Doherty, Kevin Doherty, Keith Doherty and John/Jane Doe respondents, and provided notice of a hearing scheduled for October 29, 2013. The purpose of the hearing was to enter a final judgment of eviction, awarding to the County of Suffolk the possession of the premises. (*Id.* at 1.) The Petition claims that the County of Suffolk is the "lawful owner of the premises," having "acquired the subject premises on or about August 24, 2011 pursuant to a tax deed." (*Id.* at 3.) According to the Petition, the "premises were duly conveyed by the Suffolk County Treasurer to the County of Suffolk, as purchaser, by deed dated August 23, 2011, and recorded in the Office

of the Suffolk County Clerk on August 24, 2011 . . . pursuant to a tax sale, due to non-payment of real property taxes for the 2006/07 tax year. (*Id.*) On October 29, 2013, the County of Suffolk entered a Stipulation of Settlement to resolve the Petition, whereby the respondents[1] consented to the entry of a judgment in the sum of $0 as well as a judgment of possession in favor of the County of Suffolk and the issuance of a warrant of eviction. (*Id.* at 15.)

Plaintiff further supplemented his submission with a copy of a proposed order to show cause that he filed on December 23, 2013 in the District Court of the County of Suffolk, Second District, under Index No. BALT/1265/13. On December 24, 2013, the Second District Court, Suffolk County, "declined to sign" plaintiff's proposed order, noting that "movant fails to rebut affidavits of service, fails to allege a defense to the petition." (*Id.* at 17.)

## II. DISCUSSION

### A. Application to Proceed *In Forma Pauperis*

Upon review of plaintiff's declarations in support of his application to proceed *in forma pauperis*, the Court determines that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted.

### B. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i-iii), 1915A(b). The Court is required to dismiss the action as soon as it

---

[1] The signature of the respondent on the Stipulation of Settlement is illegible.

makes such a determination. *See id.* Courts are obliged to construe the pleadings of a *pro se* plaintiff liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, 133 S. Ct. 1659 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citations omitted). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co., Inc.*, 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

1. *Rooker–Feldman* Doctrine

"[L]ower federal courts possess no power whatever to sit in direct review of state court decisions." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 296 (1970); *accord Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005) ("[F]ederal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments . . . ."). This doctrine is known as the *Rooker-Feldman* doctrine after two decisions issued by the Supreme Court, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). *See, e.g., Hoblock*, 422 F.3d at

83–84.

Because plaintiff's federal claim seeks to undo the prior state court judgment of possession in favor of Suffolk County and order title to plaintiff, the *Rooker-Feldman* doctrine bars the Court from voiding the state court judgment. In *Hoblock*, the Second Circuit carefully reviewed the *Rooker-Feldman* doctrine in light of the Supreme Court's decision in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005). 422 F.3d at 83. Noting that *Exxon* had narrowed the scope of the *Rooker-Feldman* doctrine, the Second Circuit held that its application "'is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id.* at 85 (quoting *Exxon Mobil*, 544 U.S. at 284). Thus, the Second Circuit set forth four requirements for the *Rooker-Feldman* doctrine to apply: (1) "the federal-court plaintiff must have lost in state court"; (2) "the plaintiff must complain of injuries caused by a state court judgment"; (3) "the plaintiff must invite district court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." *Id.* (internal citations and quotation marks omitted). The Second Circuit has classified the first and fourth requirements as "procedural," and the second and third requirements as "substantive." *See id.* As discussed below, all four of these requirements are satisfied in this case.

### a. Procedural Requirements

The procedural requirements of *Rooker-Feldman* are readily met here. First, plaintiff lost in state court; the premises were sold at a tax sale on August 23, 2011 due to non-payment of real estate taxes, and a judgment of possession in favor of the County of Suffolk and warrant of

eviction was issued on October 29, 2013. Second, the resolution of the state court action, which resulted in the October 29, 2013 judgment of possession and warrant of eviction, occurred nearly one month before this district court proceeding was commenced on November 25, 2013. Thus, to the extent the allegations in plaintiff's complaint attempt to undo the tax sale, judgment of possession and warrant of eviction, his claims relate to a state-court judgment "rendered before the district court proceedings commenced." *Hoblock*, 422 F.3d at 85. Accordingly, the procedural requirements of *Rooker-Feldman* are met.

### b. Substantive Requirements

Because plaintiff seeks to challenge the tax sale and/or the warrant of eviction, the substantive requirements of *Rooker–Feldman* are met as well. The substantive requirements of *Rooker-Feldman* are that "the plaintiff must complain of injuries caused by a state court judgment" and "the plaintiff must invite district court review and rejection of that judgment." *Holblock*, 422 F.3d at 85. Here, there is no question that the purpose of this lawsuit is to undo the tax sale and vacate the judgment of possession and warrant of eviction. For example, the complaint seeks, among other things, an order enjoining the seizure of the premises by the County of Suffolk. Although there is also a vague request for monetary damages of $100,000, the gravamen of the complaint clearly seeks to vacate the judgment of possession and warrant of eviction.

Given the factual allegations and relief sought here, which are inextricably intertwined with the state court judgment, and which would require overturning the state court judgment, this Court concludes that the substantive requirements of the *Rooker-Feldman* doctrine are met. Therefore, *Rooker–Feldman* clearly applies and bars plaintiff's claim. *See, e.g., Wu v. Levine*, No. 05-CV-1234 (NG), 2005 WL 2340722, at *2 (E.D.N.Y. June 7, 2005), *aff'd*, 314 F. App'x

376 (2d Cir. 2009) ("Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* doctrine."). Accordingly, this Court lacks subject matter jurisdiction to adjudicate any such claims, and plaintiff's complaint is dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

## C. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008). "[W]hen addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) (quotations and citation omitted). Here, because plaintiff has already adjudicated the issues alleged in his present complaint concerning the premises in state court—and lost—he cannot relitigate these issues in federal court. Accordingly, since better or clearer pleading would not cure the jurisdictional bar set by the *Rooker-Feldman* doctrine, leave to amend the complaint is denied.

## III. CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted, but his complaint is *sua sponte* dismissed, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3). Given the lack of subject matter jurisdiction, the Court will not sign plaintiff's proposed order to show cause. The Clerk of Court is directed to enter judgment accordingly and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ Joseph F. Bianco

Joseph F. Bianco
United States District Judge

Dated: December 30, 2013
Central Islip, New York